1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| MICHAEL BARAKA MASON,<br><br>                                  Petitioner,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>                                  Respondents. | Case No.:  16cv1176-JLS-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 18]** |

18
19
20
21
22

        This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

23
24

        For the reasons set forth herein, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED IN PART**.

25    //
26    //
27    //

1

# I.    PROCEDURAL HISTORY

## A.    Federal Proceedings

On May 11, 2016, Michael Baraka Mason ("Petitioner"), a state prisoner, constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this district.  (ECF No. 1).  Petitioner challenges his conviction on two grounds: (1) the trial court erred in admitting the preliminary hearing testimony of Hana Jabbar at trial; and (2) Petitioner received ineffective assistance of counsel when his attorney failed to challenge the trial court's decision to permit the guilty verdict to stand and the case to proceed to sentencing when Juror 4 expressed she had reasonable doubt after the verdict was given.  (*Id.* at 12-13). [1]

On October 25, 2016, Respondent Paramo ("Respondent") [2] filed a Motion to Dismiss the Petition, a Memorandum of Points and Authorities in support and lodgments.  (ECF Nos. 18, 19).  Petitioner filed an opposition on January 13, 2017.  (ECF No. 25).  In his opposition, Petitioner requests that the Court stay the case pending exhaustion of ground two of the Petition, or in the alternative, to dismiss only ground two.  (*Id.* at 8).

## B.    State Court Proceedings

On November 7, 2012, a jury convicted Petitioner of: (1) three counts of first degree murder and found true the special circumstances of robbery-murder and multiple murders as to each; (2) one count of attempted murder; (3) two counts of attempted robbery; (4) one count of burglary; (5) five counts

---

[1] All pincite page references refer to the automatically generated ECF page number, not the page number in the original document.

[2] Respondent Kamala Harris has not yet appeared in this action.  (*See* Docket).  For purposes of this Report and Recommendation "Respondent" will refer to Respondent Paramo only.

16cv1176-JLS-MDD

of false imprisonment by violence; (6) one count of assault with a firearm; (7) two counts of shooting at an inhabited dwelling; and (8) four counts of possession of a firearm by a felon. (Lodg. No. 2-6 at 1465-502). The jury also found true several gang and firearms-related sentencing enhancements and Petitioner admitted two prior serious felony convictions and three "strike priors." (*Id.*). On April 4, 2013, the trial court sentenced Petitioner to nine consecutive terms of life imprisonment without the possibility of parole, an indeterminate term of 337 years and six months to life imprisonment, plus an additional 110 years. (Lodg. Nos. 2-7 at 1777-85; 1-49 at 7969-70).

On April 11, 2013, Petitioner constructively filed a Notice of Appeal. (Lodg. No. 2-7 at 1785). Petitioner argued: (1) the trial court erroneously admitted the prior testimony of Hana Jabbar; (2) the trial court erroneously admitted the out-of-court statements of informant Marquis Veal recounting statements made by Petitioner's accomplice; (3) the evidence does not support Petitioner's multiple convictions for possession of the same firearm on different days because that crime is a single, continuous offense; and (4) the life imprisonment without parole sentences should not have been tripled under the Three Strikes law. (Lodg. Nos. 3 at 32-79; 6 at 3). The state appellate court reversed all but one of Petitioner's possession of a firearm convictions, modified the judgment to reflect a total of three life sentences without the possibility of parole and affirmed the judgment in all other respects. (Lodg. No. 6 at 13-30).

On January 14, 2015, Petitioner filed a Petition for Review in the California Supreme Court, arguing the trial court erroneously: (1) admitted the prior testimony of Hana Jabbar; and (2) admitted the out-of-court statements of informant Marquis Veal recounting statements made by Petitioner's accomplice. (Lodg. No. 7 at 3-23). On March 11, 2015, the

16cv1176-JLS-MDD

California Supreme Court denied the Petition for Review.  (Lodg. No. 8).

## II.    <u>SCOPE OF REVIEW</u>

This Petition is governed by 28 U.S.C. § 2254(a), which provides the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (2006 & Supp. 2016).

## III.    <u>DISCUSSION</u>

Respondent contends that the entire Petition should be dismissed because ground two of the Petition is unexhausted and untimely.  (*See* ECF No. 18).  Respondent acknowledges that ground one of the Petition is both exhausted and timely, but asserts that petitions with both exhausted and unexhausted claims must be dismissed.  (*Id.* at 9).

Petitioner concedes that ground two of the Petition is unexhausted, but argues that the Court should stay the Petition and allow Petitioner to return to state court to exhaust ground two, or in the alternative, allow Petitioner to amend the Petition to proceed only on the first ground.  (ECF No. 25 at 1, 8).  Petitioner also asserts that the Petition is timely.  (*Id.* at 6-8).

### A.    Statute of Limitations

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners after April 24, 1996.  28 U.S.C. § 2244(d) (2006 & Supp. 2016).  The one-year statute of limitations period applies to all habeas petitions filed by persons "in custody pursuant to the judgment of a State court."  *Id.* at § 2244(d)(1).  The one-year limitation period begins to run from the latest of:

16cv1176-JLS-MDD

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at § 2244(d)(1)(A)-(D).  The period of direct review in § 2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari regardless of whether the petitioner seeks such review. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  "AEDPA's one-year statute of limitations begins to run on the date the ninety-day period . . . expires."  *Id.* at 1159.

On March 11, 2015, the California Supreme Court denied Petitioner's petition for review.  (Lodg. No. 8).  Petitioner did not file a writ of certiorari. Thus, the statute of limitations under AEDPA began to run on June 9, 2015 (ninety-days after the California Supreme Court denied Petitioner's petition for review), and expired on June 9, 2016.  The instant action was constructively filed on May 11, 2016 – just under one month before the statute of limitations expired.  Thus, the Petition is timely.

## B.    Exhaustion and the Stay and Abeyance Procedure

Habeas petitioners who wish to challenge their state court conviction or

5

the length of their confinement in state prison must first exhaust state judicial remedies.  28 U.S.C. § 2254(b)-(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987) ("[A]s a matter of [federal-state] comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.") (citing *Ex Parte Royall*, 117 U.S. 241, 251 (1886)).  Petitioner and Respondents agree that ground two of the federal petition is unexhausted and that the Petition is "mixed."  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); (*See also* ECF Nos. 1, 18, 25).  The Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted.  *See id.* at 522; 28 U.S.C. § 2254(b)(2) (petition may be denied, but not granted, notwithstanding failure to exhaust).  The Court can either dismiss a mixed petition in its entirety or grant a stay.  *Rose*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).  A stay may be appropriate under either *Kelly* or *Rhines*.  *See Rhines*, 544 U.S. 269; *see also Kelly*, 315 F.3d 1063.

### 1.    Stay Pursuant to *Kelly*

*Kelly* permits a district court to dismiss unexhausted claims and stay the remaining claims pending exhaustion of the dismissed claims.  *Kelly*, 315 F.3d at 1070-71.  The petitioner must seek to add the dismissed claims back in through amendment after exhausting them in state court before the AEDPA statute of limitations expires.  *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

As discussed above, the statute of limitations expired on June 9, 2016 – about eight months ago.  Because a federal habeas petition does not toll the limitations period, a stay pursuant to *Kelly* would preclude Petitioner from seeking habeas review for ground two in this Court as being untimely, unless

Petitioner is entitled to statutory or equitable tolling, or ground two "relates back" to ground one. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

### a.    Tolling

Respondent argues that while the Petition itself is timely, ground two is not and Petitioner is neither entitled to statutory nor equitable tolling. (ECF No. 18 at 10-13). Petitioner does not address the issue of tolling the statute of limitations. (*See* ECF No. 25).

AEDPA tolls its limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999) (overruled on other grounds by *Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008)). Petitioner did not seek state post-conviction relief or other collateral review. (ECF No. 18 at 11; Lodg. No. 10). As such, Petitioner is not entitled to statutory tolling. (ECF No. 18 at 11; Lodg. No. 10).

AEDPA's one-year statute of limitations is also subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate where a habeas petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 649. In this case, Petitioner did not argue that he is entitled to equitable tolling, and nothing in the record indicates that he is entitled to equitable tolling. (*See* ECF No. 25 at 5). Accordingly, the Court finds that the statute of limitations expired on June 9, 2016 and is not subject to statutory or equitable tolling. Under a *Kelly* stay, ground two of the Petition would be time-barred unless Petitioner can show that ground two relates back to his only other ground for relief. //

### b. Relation Back

"An amended habeas petition does not relate back (and thereby escape AEDPA's one-year time-limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. A claim relates back when it shares a "common core of operative facts" with a timely claim. *Id.* at 659. A claim does not relate back to an existing claim simply because it arises from "the same trial, conviction or sentence." *Id.* at 663-64.

Here, Petitioner's first ground for relief concerns the trial court's admission of the prior testimony of a victim and ground two concerns counsel's ineffective assistance in failing to challenge the trial court's decision to permit the guilty verdict to stand where a juror expressed reasonable doubt after conviction. (ECF No. 1 at 12-13). Ground two of the petition does not relate back to ground one because the claims do not share a "common core of operative facts." *See Mayle*, 545 U.S. at 659.

### c. Conclusion

As discussed herein, while the Petition itself is timely, ground two of the Petition is unexhausted. Dismissing ground two and staying ground one of the Petition under *Kelly* would be futile because the statute of limitations already expired and Petitioner is not entitled to toll the limitations period or to relate his unexhausted claim back to ground one of the Petition. Thus, this Court declines to permit a stay pursuant to *Kelly*.

### 2. Stay Pursuant to *Rhines*

*Rhines* permits a district court to stay a mixed petition in its entirety. *King*, 564 F.3d at 1139-40. To stay the entire mixed petition without dismissing unexhausted claims, the petitioner must show good cause for failing to exhaust the claims in state court before filing the federal petition

16cv1176-JLS-MDD

and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277-78.  A stay under *Rhines* is inappropriate where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.*

### a.    Good Cause

The first factor in the *Rhines* analysis is whether Petitioner has demonstrated good cause for failing to raise his unexhausted claim in state court.  Petitioner argues that he has good cause because his post-conviction counsel provided ineffective assistance when he failed to raise ground two of the federal Petition at trial, on appeal, or in a state habeas petition even though the claim was apparent from the record and is potentially meritorious.  (ECF No. 25 at 5)  Petitioner also argues he was "reasonably confused" and "was unaware of his counsel's failure to exhaust" ground two. (*Id.*).

The Supreme Court has not precisely articulated what constitutes "good cause" for purposes of granting a stay under *Rhines*.  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  The Ninth Circuit has held that ineffective assistance "by post-conviction counsel can be good cause for a *Rhines* stay," where a petitioner's showing of good cause is not a bare allegation of ineffective assistance of counsel, but a concrete and reasonable excuse, which is supported by evidence that his state post-conviction counsel failed to discover, investigate and present to the state courts.  *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014).  In *Blake*, the Ninth Circuit held:

> The good cause element is the equitable component of the *Rhines* test.  It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court.  As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure.  An assertion of good cause without evidentiary support will not typically amount to a reasonable

16cv1176-JLS-MDD

1    excuse justifying a petitioner's failure to exhaust.

2    *Id.* at 982.  To show good cause based on ineffective assistance of appellate

3    counsel, therefore, Petitioner must provide a "concrete and reasonable"

4    excuse and make more than a bare allegation that counsel acted

5    unreasonably and that those actions prejudiced him.  *Id.* at 983; *see*

6    *Strickland v. Washington*, 466 U.S. 668, 692 (1984) (providing the standard

7    for ineffective assistance of counsel).

8        Petitioner focuses on circumstantial evidence showing that "counsel

9    [failed] to raise any issues regarding Juror 4 [which shows] counsel's

10   ineffective assistance [and] demonstrates good cause for failing to exhaust his

11   claim."  (ECF No. 25 at 5).  In his Petition, Petitioner attaches a Reporter's

12   Transcript where Juror 4 expressed she had "reasonable doubt . . . on certain

13   accounts" after the guilt phase and during the penalty phase of the trial.

14   (ECF No. 1 at 104).  The record reflects that the trial judge asked Juror 4

15   why she did not express her reasonable doubt when he polled the jury.  (ECF

16   No. 1 at 104-05).  Juror 4 stated she had "basically overcome the doubt that

17   [she] had.  And it continued to come up in [her] mind [after the verdicts were

18   returned and during the intervening time.]"  (*Id.* at 105).  Juror 4 then stated

19   that at the time the verdict was given, she supported the verdict and it was

20   her verdict, but that she still wanted to speak privately with the judge to

21   discuss "very specific" allegations or charges.  (*Id.* at 106).  The trial judge

22   asked whether Juror 4 understood what reasonable doubt means and

23   whether she had done outside research.  (*Id.* at 105-06).  Juror 4 explained

24   she understood what reasonable doubt means and that she had not done

25   outside research.  (*Id.*).  The trial judge then explained that speaking

26   privately with Juror 4 would be inappropriate and indicated that nothing

27   Juror 4 said raised issues regarding juror misconduct.  (*Id.*).

16cv1176-JLS-MDD

In response to Juror 4's statement, Petitioner's trial counsel requested "the jury be directed to return to the jury room and reopen their deliberations concerning issues in the guilt phase," or in the alternative, requested a mistrial. (*Id.* at 157). The People requested the court determine whether Juror 4 should be excused for cause. (*Id.* at 169). On November 16, 2012, the court permitted oral argument on the issues and ultimately concluded that "[t]here is nothing to correct at the present time. Those verdicts were polled and recorded. The fact she has now had some buyer's remorse, as suggested, that opens a pandora's box for incredible mischief." (*Id.* at 170). The court did not reopen jury deliberations, did not grant a mistrial and did not excuse Juror 4 for cause. (*Id.* at 127-176). Contrary to Petitioner's argument, the record shows that trial counsel did address the issue regarding Juror 4 by moving for a mistrial and moving to reopen jury deliberations. (*Id.*; *see* ECF No. 25 at 5).

The record supports Petitioner's argument that appellate counsel failed to raise any issues regarding Juror 4. (ECF No. 25 at 5; Lodg. Nos. 3, 5, 7). Appellate counsel did not include this claim in the appellate brief, reply brief or the petition for review in the California Supreme Court, despite the fact that the Reporter's Transcript includes approximately 65 pages on the issue. (Lodg. Nos. 3, 7; ECF No. 1 at 99-122, 127-152, 157-176). Petitioner has also shown that he relied upon the assurances of his trial and appellate counsel that they would raise any necessary claims for him. (*See* ECF No. 1 at 13) (indicating that Petitioner thought his attorney raised this issue in his Petition for Review).[3] Petitioner has made a sufficient showing that his

---

[3] Any argument that good cause cannot be predicated on Petitioner's mistaken belief that counsel raised the issues is inapplicable. While *Wooten*

16cv1176-JLS-MDD

1  appellate attorney may have acted unreasonably because he had notice of the
2  juror claim and failed to exhaust the claim by presenting it to the state's
3  highest court.

4      In his opposition, Petitioner argues that Juror 4's statement indicates
5  that the jury's verdict was not unanimous and appellate counsel provided
6  ineffective assistance by failing to raise that issue on appeal or through a
7  state habeas petition.  (ECF No. 25 at 5; *see* ECF No. 1 at 13).  Petitioner
8  asserts that the juror issue is clear from the record and there was no reason
9  for counsel's failure to raise these claims in the appeal, in the petition for
10 review before the California Supreme Court, or in a state habeas petition.
11 (*See* ECF No. 25).

12     The Court finds Petitioner has not adequately shown ineffective
13 assistance of counsel for purposes of a *Rhines* stay because Petitioner has not
14 made a well-argued claim of unanimous jury infringement or juror
15 misconduct.  Petitioner's case might be the type of "capital" case requiring a
16 unanimous jury verdict – even though he was tried in bifurcated guilt and
17 penalty proceedings and was ultimately not sentenced to death.  *Cf. People v.*
18 *Collins*, 17 Cal. 3d 687, 693 (1976) (California law requires unanimous jury
19 verdict in criminal cases) *with Schad v. Arizona*, 501 U.S. 624, 634 n.5 ("a
20 state criminal defendant, at least in noncapital cases, has no federal right to

21
22 _____

23 *v. Kirkland* held that the petitioner did not show good cause by arguing he
   was "under the impression" that his counsel raised all claims before the state
24 court of appeal, the Court specifically noted that the petitioner did not
   attempt to establish ineffective assistance of appellate counsel.  *Wooten v.*
25 *Kirkland*, 540 F.3d 1019, 1024 n.2.  As a result, Petitioner's "reasonable
26 confusion" as to whether ground two was exhausted does not preclude a stay
27 under *Rhines*.  (*See* ECF No. 25 at 5).

16cv1176-JLS-MDD

a unanimous jury verdict"); (*See* Lodg. No. 2-7 at 1701; Lodg. No. 1-49 at 7966-70).  Even if a unanimous jury is constitutionally required, there was a unanimous jury verdict and, when individually polled, no juror expressed any equivocation or hesitation regarding the verdict.  (Lodg. No. 1-48 at 7915-30).  Specifically, the Court asked "Juror No. 4, were these and are these your personal verdicts as read by the court?"  (*Id.* at 7929).  Juror 4 responded "yes."  (*Id.*).  Additionally, Juror 4 told the court that she overcame her reasonable doubt before giving the verdict.  (ECF No. 1 at 105).  Accordingly, no right to a unanimous jury verdict was infringed in this case.  *Leon v. Cate*, 617 Fed. App'x 783, 783 (9th Cir. 2015) ("The jury returned a verdict, the clerk read it in open court, the jury collectively affirmed it without dissent, and it was recorded. . . .  [T]he validity of the verdict was not subject to attack at that point unless [the petitioner] established that the jury committed prior misconduct in reaching the verdict."); *see Fuentes v. Adams*, No. SA CV 06-182-GW (CW), 2015 U.S. Dist. LEXIS 180156, at *47-48 (C.D. Cal. Sept. 2, 2015) (A Magistrate Judge's Report and Recommendation, which found no infringement of a unanimous jury verdict where the record showed that all jurors had been pooled and supported the verdict); *see also Fuentes v. Adams*, No. SA CV 06-182-GW (CW), 2016 U.S. Dist. LEXIS 98346 (adopting the Magistrate Judge's Report and Recommendation).

A unanimous verdict may still be attacked if the verdict was subject to juror misconduct prior to reaching the verdict.  *Leon*, 617 Fed. App'x at 783.  Thus, the Court must consider whether the Sixth Amendment's guarantee of the right to a "fair trial by a panel of impartial, 'indifferent' jurors" to criminal defendants was infringed when Juror 4 expressed reasonable doubt after conviction.  *Irvin v. Dowd*, 366 U.S. 717, 722 (1961); *see Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir. 1998).

16cv1176-JLS-MDD

"If only one juror is unduly biased or prejudiced or improperly influenced, the criminal defendant is denied his Sixth Amendment right to an impartial panel." *United States v. Hendrix*, 549 F.2d 1225, 1227 (9th Cir. 1997). In the event of a jury misconduct or juror bias allegation, the court should hold a hearing with all interested parties. *See Remmer v. United States*, 347 U.S. 227, 229-30 (1954); *see also Smith v. Phillips*, 455 U.S. 209, 216-17 (1982). However, the "near-universal and firmly established common-law rule in the United States flatly prohibit[s]" the admission of juror testimony to impeach a verdict except where "an extraneous influence" affected the verdict. *Tanner v. United States*, 483 U.S. 107, 117 (1983) (citations omitted); *see also McDonald v. Pless*, 238 U.S. 264, 269 (1915) (generally, jurors may not impeach their own verdict). Both the Federal Rules of Evidence and the California Evidence Code prohibit the use of juror testimony to impeach a verdict when testimony relates to the internal mental process of the verdict. *See* FED. R. EVID. 606(b); CAL. EVID. CODE § 1150(a).

The Court finds that there was no evidence of juror misconduct in this case. Juror 4's expression of reasonable doubt about specific allegations or charges after the verdict was given concerns her thought process and the jury's internal deliberations, as opposed to testimony regarding extrinsic influence or juror bias, which is "flatly prohibited" to impeach the jury's verdict. *See Tanner*, 483 U.S. at 117. Thus, Juror 4's statement does not constitute grounds for reversal of the verdict. *See Panella v. Marshall*, 434 Fed. App'x 603, 605 (9th Cir. 2011); s*ee also Franklin v. McEwen*, No. SACV 12-1514-DDP (OP), 2013 U.S. Dist. LEXIS 180861, at *46-50 (C.D. Cal Sept. 26, 2013) (finding a juror's post-verdict statement apologizing for voting to convict the petitioner and explaining "that 'most of the jurors wanted to give defendant not guilty'" insufficient to reverse the verdict).

Because Petitioner's right to a unanimous jury was not infringed and there was no juror misconduct, any deficiency in failing to raise these issues on appeal or in state post-conviction applications for collateral relief were not prejudicial under *Strickland v. Washington*. This is inadequate to show ineffective assistance of counsel for purposes of a *Rhines* stay.

### b.    Merit of Petitioner's Claim

For the reasons set forth in the previous section, this Court finds that Petitioner's claim is not potentially meritorious. *See Rhines*, 544 U.S. at 278 (stating that petitioner is entitled to a stay if "his unexhausted claims are potentially meritorious"). Petitioner cannot succeed on an ineffective assistance claim if the alleged deficiency – failing to raise any issue regarding Juror 4 – would not have prejudiced him. *See Strickland*, 466 U.S. at 692 (stating that counsel's alleged deficiencies must have prejudiced the client to prove ineffective assistance of counsel). Petitioner was not prejudiced because, as discussed above, the right to a unanimous jury was not infringed and there was no juror misconduct.

### c.    Abusive Litigation Tactics or Intentional Delay

The final consideration under *Rhines* is whether Petitioner's failure to exhaust is a result of intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278. Respondent does not argue that Petitioner engaged in abusive litigation tactics or intentional delay and there is no indication in the record before this Court that Petitioner failed to exhaust for the purpose of delaying these proceedings. (*See* ECF No. 18). Accordingly, Petitioner satisfies the third *Rhines* consideration.

### d.    Conclusion

Petitioner has not adequately shown good cause for failing to exhaust ground two of his Petition nor that ground two is potentially meritorious.

Thus, it is **RECOMMENDED** that the Court find Petitioner has not demonstrated the good cause required under *Rhines* to warrant a stay of Petitioner's only exhausted claim while Petitioner returns to state court to exhaust ground two of his Petition.[4]  However, the Court finds it inappropriate to dismiss the entire Petition.  Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **GRANT IN PART** Respondents' motion to dismiss by dismissing only ground two of the Petition.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; (2) **GRANTING IN PART** Respondents' Motion to Dismiss; and (3) **DISMISSING** ground two of the Petition with prejudice.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **February 28, 2017**.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 7, 2017**. The parties are advised that failure to file objections within the specified time

_____

[4] The Court recognizes the Ninth Circuit's recent decision in *Dixon v. Baker*, -F.3d -, No. 14-1664 (9th Cir. Feb. 2, 2017), which found that a state prisoner who did not have post-conviction counsel has shown "good cause" for a failure to exhaust state court remedies in connection to an unexhausted ineffective assistance of trial counsel claim due to his *pro se* status.  *Dixon* is inapplicable to the instant case because Petitioner was represented by counsel in all post-conviction proceedings, with exception to the filing of the instant federal Petition.  Petitioner obtained representation in this case on December 7, 2016.  (ECF No. 20).

1  may result in a waiver of the right to raise those objections on appeal of the

2  Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see*

3  *also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

4      **IT IS SO ORDERED**.

5

6  Dated:   February 6, 2017

7                                    Hon. Mitchell D. Dembin

8                                    United States Magistrate Judge

16cv1176-JLS-MDD